**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00433-CR
NO. 09-24-00434-CR
_____

**WILLIAM GORRELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. F15-22030 and F19-33327**

**MEMORANDUM OPINION**

In 2015, in trial cause number F15-22030, a grand jury indicted Appellant William Gorrell for aggravated sexual assault of a child, a first-degree felony. In 2016, he pleaded "guilty" pursuant to a plea bargain agreement, and the trial court found sufficient evidence to find Gorrell guilty, but deferred adjudication of guilt, placed Gorrell on community supervision for ten years, and assessed a $1,000 fine. In 2019, in trial cause number F19-33327, a grand jury indicted Gorrell for failure

1

to comply with sex offender registration requirements, a third-degree felony. In 2020, Gorrell, pursuant to a plea bargain, pleaded guilty to failure to comply with sex offender registration requirements, and the trial court found Gorrell guilty, sentenced him to five years of confinement, suspended his confinement, placed him on community supervision for five years, and assessed a $1,000 fine.

The State filed motions to revoke in both trial cause numbers, alleging four violations of the terms of Gorrell's community supervision in each case. At a hearing on the motions, Gorrell pleaded "true" to two of the allegations in each case, and the trial court found the evidence sufficient to find a third allegation true in each case. In trial cause number F15-22030, the trial court found Gorrell guilty of aggravated sexual assault of a child and sentenced Gorrell to twenty years in prison. In trial cause number F19-33327, the trial court found the evidence sufficient to revoke his community supervision and sentenced him to five years of prison. The trial court ordered the sentences to run concurrently. Gorrell timely appealed from the judgments.

On appeal, Appellant's court-ordered attorney filed briefs stating that he has reviewed the cases and, based on his professional evaluation of the records and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We

granted an extension of time for Gorrell to file pro se briefs, and we received no response from Gorrell.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire records and counsel's briefs in these cases, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeals. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We affirm the trial court's judgments.[1]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on June 17, 2025
Opinion Delivered June 18, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

---

[1] Gorrell may challenge our decision in these cases by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.